UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| THOMAS LUCERO, JR., <br><br> Plaintiff, <br><br> vs. <br><br> PENNINGTON COUNTY SHERIFF'S OFFICE JAIL DIVISION, AS AN AGENCY; ROBERT YANTIS, JAIL COMMANDER; INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; CAPT. WADE ANDERSON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; CAPT. BROOK HAGA, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; CAPT. KATHLEEN HOUSTON, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; KEVIN THOM, SHERRIF, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; AND LT. CASEY MUNSCH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, <br><br> Defendants. | 5:19-CV-05056-KES <br><br> ORDER DISMISSING COMPLAINT |

Plaintiff, Thomas Lucero, Jr., filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Lucero was granted leave to proceed in forma pauperis and he paid his initial filing fee on August 13, 2019. Docket 8. Lucero was granted leave to amend his complaint. Docket 22. Pending before this court is Lucero's motion to appoint counsel (Docket 4) and his amended complaint (Docket 25) must be screened under 28 U.S.C. § 1915A.

## FACTUAL BACKGROUND

In Lucero's amended complaint, he alleges that he was charged on September 15, 2017, with First Degree Murder. Docket 25 at 8. Lucero is a pretrial detainee and has been housed at the Jameson Prison Annex and the Pennington County Jail. *Id.* Lucero's rule violations occurred while Lucero was being housed in the Pennington County Jail. *See id.*

Pennington County Jail has a step-down tiered violation system with the opportunity to receive enhanced sanctions. *Id.* at 6. The lower you go on the tier, the less privileges are available to the inmate. *Id.* The enhanced sanction system includes escorting pretrial detainees in "full restraints with belly chain and leg shackles" by two officers with tasers and having to shower in a secure cell. *Id.* Lucero believes this is a violation of his Fourteenth Amendment procedural due process rights. *Id.*

After an inmate receives a major rule violation, the inmate is segregated from the population for "under 48 hours." *Id.* at 7. Lucero includes a letter he received from the Pennington County Sheriff's Office in his amended complaint. *Id.* at 22.[1] This letter states that when Lucero came to the facility in November of 2017, he was classified to Administrative Segregation for 19 days because Lucero has been charged with serious crimes. *Id.* Lucero states that when defendants reclassify the inmate, they do so to punish the inmate and do not provide the due process. *Id.* at 7. The letter states that when Lucero returned to

---

[1] Any facts asserted in the Pennington County Sheriff's Office's letter will be clearly noted by the start of the sentence.

the facility in January of 2018, he was again classified to Administrative Segregation and placed on Tier 4—a classification that allowed him time to get out of his cell. *Id.* at 22. The letter reports that on February 27, 2018, Lucero was removed from the tier program because he entered another inmate's cell and assaulted him. *Id.*

The letter states that Lucero returned to the jail in July of 2018 and was placed in general population. *Id.* He was then classified Administrative Segregation after he assaulted another inmate. *Id.* Lucero's sanctions were enhanced after he "aggressively advanced toward a Correctional officer in what appear[ed] to be an attempt to assault that officer." *Id.* Lucero's classification was reviewed each week since the last time and Lucero has written letters for input to the committee. *Id.* On July 27, 2018, Lucero received a major rule violation without a written report, no investigation was done, and no procedure was followed. *Id.* at 9. On July 30, 2018, Lucero was reclassified without a hearing. *Id.* On October 8, 2018, Lucero received another major rule violation and was escorted by two officers in full restraints. *Id.* at 9-10. He also had to take showers in a secure cell. *Id.* Lucero states that the restraints occurred for weeks and were at the discretion of the defendants. *Id.* On February 11, 2019, defendants enhanced Lucero's sanctions without any procedure or written notice. *Id.* at 10.

On May 31, 2019, an unknown officer came to escort Lucero to a meeting with his paralegal. *Id.* at 10-11. The unknown officer and put the leg shackles and restraints on Lucero. *Id.* When Lucero tried to get up, his leg shackles

became entangled around the stool and he fell. *Id.* at 11. Lucero could not catch his fall because his hands were cuffed to his waist by the belly chain. *Id.* He landed on his shoulder and believes he has serious ligament damage. *Id.* at 12. Lucero states that this unknown officer was negligent by failing to keep him from falling while he was in full restraints. *Id.* at 17. He believes the policy that the unknown officer used caused him to fall. *Id.*

Lucero requests injunctive relief as well as compensatory and punitive damages. *Id.* at 18-20. He sues Pennington County Sheriff's Office "as an agency" and sues the rest of the defendants in their individual and official capacities. *Id.* at 1. All individually named defendants work for the Pennington County Sheriff's Office or for the Pennington County Jail. *See id.* at 3-5.

## LEGAL STANDARD

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007*)*; *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

## LEGAL ANALYSIS

### I. Due Process Claims

With liberal construction, Lucero claims two different due process violations: (1) he claims the conditions of his confinement violate his due process rights and (2) he asserts the prison's disciplinary procedure violates his due process rights.

### A. Conditions of Confinement

Lucero claims his conditions of confinement violate his due process rights as a pretrial detainee. Docket 25 at 16. When determining whether a pretrial detainee's conditions of confinement violation his due process rights the "proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). In *Wolfish*, the United States Supreme Court held that:

> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'

*Id.* at 538-539 (quoting *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963)) (internal citations omitted). If a condition is "reasonably related to a legitimate governmental objective" it does not amount to punishment. *Id.* at 539. But if the condition is arbitrary or purposeless, the court can infer that the punishment "may not constitutionally be inflicted upon detainees[.]" *Id.* "The Government has legitimate interests that stem from its need to manage the facility in which the individual is detained." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996); *see Whitfield v. Dicker*, 41 F. App'x 6, 7 (8th Cir. 2002) (holding that placing a pretrial detainee in seclusion because he/she is uncooperative and the purpose is for security does not amount to punishment.).

Lucero claims that as a pretrial detainee he has been escorted in full restraints by two officers and has had to shower in a secure cell, occurring for weeks. Docket 25 at 10. Attached to his amended complaint, Lucero submitted a letter he received from the Pennington County Sherriff's Office that showed that Lucero has assaulted other inmates on two separate occasions and has approached a correctional officer in a threatening matter. *Id.* at 22. Because Lucero attached this letter to his amended complaint, the court must assume that all facts alleged are true. *See Rosenberg*, 56 F.3d at 36. Lucero has assaulted other inmates and has shown threatening behavior to correctional officers. The actions taken by the defendants are not for purpose of punishment, but for protection of other inmates and employees. The actions taken are reasonably related to a legitimate governmental objection and they are not arbitrary or purposeless. Thus, Lucero's conditions of confinement claim against the defendants in their individual capacity is dismissed under 28 U.S.C. §§ U.S.C. 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

**B. Prison's Disciplinary Procedure**

Lucero asserts that when he received rule violations, he did not receive his due process rights. Docket 25 at 15. In *Smith v. Copeland*, later affirmed by the Eighth Circuit, the district court held:

> In view of the rationale expressed in *Wolfish* and these other cases, the Court concludes that there exists no basis in the Due Process Clause or elsewhere in the Constitution for requiring that discipline not be imposed upon a pretrial detainee for violations of institutional discipline without the particular procedural mechanisms invoked by plaintiff here, including notice, a hearing

7

> or specific findings, a right to counsel, and an independent investigation of the charges.

892 F. Supp. 1218, 1233 (E.D. Mo. 1995). Because prison discipline of pretrial detainees does not require the procedural rights that Lucero asserts, his due process claims against the defendants in their individual capacities regarding the prison disciplinary proceedings are dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ U.S.C. 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

## II. Failure to Protect Claim

Liberally construing his complaint, Lucero claims that his Eighth Amendment rights have been violated. Because Lucero is a pretrial detainee his claim will be analyzed under the Fourteenth Amendment. *Hartsfield v. Colburn*, 371 F.3d 454, 456-57 (8th Cir. 2004) (citing *Ervin v. Busby*, 992 F.2d 147, 150 (8th Cir. 1993) (finding that pretrial detainees' claims are evaluated under Due Process Clause rather than Eighth Amendment)).

Although the Eighth Circuit has not ruled on the amount of protection afforded to pretrial detainees under the Fourteenth Amendment Due Process clause, pretrial detainees like Lucero have been afforded at least as much protection as they would receive under the Eighth Amendment. *See Hartsfield*, 371 F.3d at 457. The Eighth Circuit has discussed the difference between the Eighth Amendment protection from cruel and unusual punishment and the Fourteenth Amendment protection from punishment prior to adjudication of guilt but has consistently applied the deliberate indifference standard "to

8

pretrial detainee claims that prison officials unconstitutionally ignored a serious medical need or failed to protect the detainee from a serious risk of harm." *Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006).

Deliberate indifference is more than negligence. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In *Farmer v. Brennan*, the court describes deliberate indifference as when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. 825, 837 (1994).

Lucero claims that the "negligence of the unknown Pennington County Jail correctional officer" caused him to fall while he was in full restraints. Docket 25 at 17. Because negligence does not amount to deliberate indifference, Lucero's failure to protect claims against the unknown officer and the defendants in their individual capacities are dismissed under 28 U.S.C. §§ U.S.C. 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### III. Injunctive Relief

Lucero asks for injunctive relief regarding the alleged violations at the Pennington County Jail, however, he is currently housed at the Jameson Prison Annex. *See id.* at 12, 18, 19. Normally, "a prisoner's claim for injunctive relief is moot if the prisoner is no longer subject to the conditions of which he complained." *Kurtz v. Denniston*, 872 F. Supp. 631, 636 (N.D. Iowa 1994); *see also Beaulieu v. Ludeman*, 690 F.3d 1017, 1024 (8th Cir. 2012) (holding plaintiffs' case was moot because they had been transferred out of the "annex"

where they argued their constitutional rights were violated); *Gladson v. Iowa Dept. of Corr.*, 551 F.3d 825, 835 (8th Cir. 2009) (holding that the plaintiff's claims were rendered moot when he was no longer incarcerated). Lucero's alleged violations occurred at the Pennington County Jail, but he has now been transferred to the Jameson Prison Annex. Docket 25 at 12. Lucero alleges that he will be transferred back to the Pennington County Jail for the resolution of his underlying criminal case and he will then be subjected to the same due process violations. *Id.*

In *Smith v. Hundley*, the Eighth Circuit held that even if the inmate claims that he may in the future be subjected to "the alleged unlawful policies or conduct" his claims for injunctive relief are still rendered moot. 190 F.3d 852, 855 (8th Cir. 1999); *see Ferrell v. Fitzpatrick*, 2018 U.S. Dist. WL 704725, at *2 (D.S.D. Feb. 2, 2018) (holding that even when the inmate argues that at some future time he will be subjected to the same conditions, his injunctive relief request was moot). Thus, Lucero's claims for injunctive relief against the defendants are dismissed under 28 U.S.C. §§ U.S.C. 1915(e)(2)(B) (i-ii) and 1915A(b)(1).

### IV. Official Capacity Claims

Lucero has sued defendants Kevin Thom, Robert Yantis, Wade Anderson, Brook Haga, Kathleen Houston, and Casey Munsch in their individual and official capacities. Docket 25 at 1-4. These listed defendants work for the Pennington County Sheriff's Office or for the Pennington County Jail. *See id.* at 3-5. Lucero's official capacity claims are the equivalent of claims against

Pennington County. Lucero also names the Pennington County Sheriff's Office as a defendant. *Id.* at 3. " 'A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents' on a theory of respondeat superior." *Andrews v. Fowler*, 98 F.3d 1069, 1074 (8th Cir. 1996) (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 (1978) (allowing a § 1983 plaintiff to directly sue "[l]ocal governing bodies" when a policy "officially adopted and promulgated by that body's officers" violates the plaintiff's constitutional rights)).

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official [county] policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011) (quoting *Monell*, 436 U.S. at 691). The Eighth Circuit " 'has consistently recognized a general rule that, in order for [county] liability to attach, individual liability first must be found on an underlying substantive claim.' " *Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007) (quoting *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005); *see McVay ex rel. McVay v. Sisters of Mercy Health Sys.*, 399 F.3d 904, 909 (8th Cir. 2005) (holding that because the underlying actions of the individual defendants were not unconstitutional, the plaintiff could not make out a prima facie case against the city under § 1983); *Thomas v. Dickel*, 213 F.3d 1023, 1026 (8th Cir. 2000) (holding that because the officers' actions did not violate the Fourth Amendment, "it follows that the plaintiffs' claim against the city (inadequate training and municipal custom) must likewise fail"); *Abbott v. City of Crocker*, 30 F.3d 994, 998 (8th Cir. 1994)

11

(ruling that the city could not be liable for failure-to-train or a municipal custom/policy theory unless the individual defendant was found liable on the underlying substantive claim.)

Here, Lucero is attempting to hold the Pennington County Sheriff's Office liable for actions of its employees under § 1983. Lucero alleges that the Sheriff's Office and the individual defendants in their official capacity maintain policies and act on those policies in violation of his due process rights. Docket 25 at 15-16. This court has dismissed the underlying substantive claims against the defendants in their individual capacities. It is well established that a plaintiff cannot make a prima facie case for inadequate training or for an unconstitutional policy if the defendants in their individual capacities were not found to have violated the plaintiff's constitutional rights. *Brockinton*, 503 F.3d at 674. Lucero's claims against the Pennington County Sheriff's Office and Thom, Yantis, Anderson, Haga, Houston, and Munsch in their official capacity are dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ U.S.C. 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

## V. 1915(g) Strike and Motion to Appoint Counsel

The court finds that Lucero's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because Lucero's complaint is dismissed for failure to state a claim upon which relief may be granted, the court finds that this action constitutes one strike. Additionally, Lucero's motion to appoint counsel (Docket 4) is denied as moot.

Thus, it is ORDERED:

1. That under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), Lucero's amended complaint (Docket 25) is dismissed without prejudice for failing to state a claim upon which relief can be granted.

2. That this action constitutes a strike against Lucero for purposes of the three-strikes rule under 28 U.S.C. § 1915(g).

3. That Lucero's motion to appoint counsel (Docket 4) is denied as moot.

Dated February 4, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE