UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| THOMAS LUCERO, JR., <br><br> Plaintiff, <br><br> vs. <br><br> PENNINGTON COUNTY SHERIFF'S OFFICE JAIL DIVISION, AS AN AGENCY; ROBERT YANTIS, JAIL COMMANDER; INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; CAPT. WADE ANDERSON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; CAPT. BROOK HAGA, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; CAPT. KATHLEEN HOUSTON, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; KEVIN THOM, SHERRIF, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; AND LT. CASEY MUNSCH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, <br><br> Defendants. | 5:19-CV-05056-KES <br><br><br> ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL |

Plaintiff Thomas Lucero, Jr., filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Judgment was entered against Lucero and he filed a notice of appeal. Dockets 28 and 29. Now, Lucero moves to proceed in forma pauperis on appeal and has provided his prisoner trust account report. Dockets 30 and 31.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the prisoner . . . files an appeal.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). " 'When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

> (A)     the average monthly deposits to the prisoner's account; or
> (B)     the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

It appears that Lucero's appeal is taken in good faith. Because Lucero's prisoner trust account (Docket 31) shows an average monthly deposit of $25.88 and an average monthly balance of $21.04, the court finds that § 1915(b)(1) applies and waives his initial partial filing fee.

Thus, it is ORDERED:

1. That Lucero's motion for leave to proceed in forma pauperis on appeal (Docket 30) is granted.

2. That the institution having custody of the Lucero is directed that whenever the amount in Lucero's trust account, exclusive of funds available to him in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $505 is paid in full.

Dated February 28, 2020.

BY THE COURT:

/s/ **Karen E. Schreier**
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE